TERRELL, Justice.
Pursuant to Article XI, Integration Rule of The Florida Bar, 31 F.S.A., a complaint was filed against respondent charging him
with unprofessional conduct as an attorney at law, in that he did on May 6, 1952, accept a cashier’s check in the sum of $3,500 from his client Sidney G. Leslie who purchased it from the Florida National Bank of Orlando, that said check was payable to Mrs. Olive H. Brown, that respondent was expected to deliver said cashier’s check to Mrs. Brown in settlement of a claim but that instead respondent, on May 10, 1952, deposited said check in the First National Bank of Orlando and converted it to his own use.
A referee was appointed, respondent was served with, notice of the complaint, including the time and place of hearing and the charge against him, but he did not appear in person or otherwise to resist the charges. Evidence was taken by the complainant which established conclusively every element of the complaint, that respondent embezzled the proceeds of the said cashier’s check, the same being funds entrusted to him by his client and that he said nothing in defense of the charge.
The referee found respondent guilty of gross professional misconduct and recommended that he be disbarred. The Board of Governors of the Florida Bar approved the report and recommendation of the referee and recommend to this Court that an order be entered disbarring respondent, Harry M. Jarvis, from the practice of law in the State of Florida. All proceedings in the cause have been certified to this Court with recommendation as detailed.
The record, the report, and recommendation of the referee and the Board of Gov *229 ernors of the Florida Bar, have been thoroughly examined and reveal conclusively that respondent has been guilty of such conduct as disqualifies him to practice law as pointed out in State of Florida ex rel. Florida Bar v. Murrell, Fla., 74 So.2d 221, is present and proven.
It is accordingly the judgment of this Court that respondent, Harry M. Jarvis, was regularly charged, tried and found guilty of unprofessional conduct as an attorney, that he should be and is hereby disbarred from the practice of law in this State.
ROBERTS, C. J., and THOMAS, SE-BRING, HOBSON, MATHEWS and DREW, JJ., concur.